**NOT FOR PUBLICATION WITHOUT APPROVAL OF**
**THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



MALA SUNDAR
JUDGE

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609 376-3018

November 2, 2020

Hussain, Fahim & Genevieve
Plaintiffs, Self-Represented

Dennis A. Collins, Esq.
Collins, Vella & Casello, L.L.C.
Attorney for Defendant

Re: Hussain, Fahim & Genevieve v. Township of Upper Freehold
<u>Docket No. 006497- 2020</u>

Dear Plaintiffs and Counsel:

This is the court's decision following trial of the above-captioned matter, affirming the judgment of the Monmouth County Board of Taxation (County Board), which had affirmed the 2020 local property tax assessment of $741,900 on the plaintiffs' home (Subject).[1]

The Subject is a corner lot measuring 2.17 acres, and improved by a two-story colonial-style residence, built in 2004/2005 with 5,354 square feet (SF) of gross living area (GLA). It is located in defendant taxing district (Township) and identified as Block 24, Lot 2.49. The Subject is at the entrance of Ichabod Lane, its rear is adjacent to Sharon Station Road, which street also provides access to the Subject's front via Dutchess Drive. Thus, three sides of the Subject's lot are adjacent to public streets. Plaintiffs became aware of an expansion of Sharon Station Road by the county only when it approached them in 2015 to acquire a drainage easement of 973 SF (0.022 acres) in the rear portion of the Subject's lot.[2] They assert that construction has yet to

---

[1] The assessment was allocated $150,100 to land and $591,800 to improvements.
[2] Plaintiff wife executed an easement deed in August of 2016 for a consideration of $6,000.


Interpreter


ADA
Americans with
Disabilities Act


ENSURING
AN OPEN DOOR TO
JUSTICE



commence although preparations for the same existed as of the assessment date (October 1, 2019).

Plaintiffs argue that the Subject's value should be $646,447, the average of the sale prices of three colonial-style 2-story single family homes in the Township, which prices they adjusted for certain physical differences and amenities as shown below (in italics):[3]

| | Subject | Comparable 1 | Comparable 2 | Comparable 3 |
|---|---|---|---|---|
| Address | 2 Ichabod Lane | 20 Ichabod Lane | 8 Ichabod Lane | 2 Babbit Way |
| Sale Price | N/A | $699,000 | $650,000 | $710,000 |
| Sale Date | N/A | 05/23/19 | 10/18/19 | 07/12/19 |
| Chron. Age | 14 | 14 | 15 | 16 |
| *Lot (ac)* | 2.17 | 1.07 *(+$22,000)* | 1.66 *(+$10,200)* | 3.49 *(-$26,400)* |
| *GLA(SF)* | 5354 | 5493 *(-$8,340)* | 4717 *(+$38,220)* | 5253 *(+$6,060)* |
| *Bathrooms* | 3.1 | 7 *(-$28,000)* | 4 *(-$4,000)* | 5 *(-$12,000)* |
| *Basement (SF)* | Partial/Partial finish 2964/50 | Partial/finished 3107/2375*(-$7,000)* | Partial/Unfinished 2469/0 *(+$8,000)* | Partial/Unfinished 2822/0 *(+$8,000)* |
| *Fireplaces* | 2 | 1 *(+$8,000)* | 1 *(+$8,000)* | 1 *(+$8,000)* |
| *Pool* | Yes | Yes | No *(+$20,000)* | Yes |
| Condition | Good | Good | Good | Good |
| *Location* | Rear of lot backs to street | Rear of lot backs to woods *(-$69,900)* | Rear of lot backs go woods *(-$65,000)* | Corner lot; rear of backs to residences *(-$35,500)* |
| Net Adj. | N/A | -$83,240 | $15,420 | -$51,840 |
| Adj. Sale Price | N/A | $615,760 | $665,420 | $658,160 |

The Township argued for an affirmance of its assessment because neither the comparables nor the adjustments to their sale prices were credible. The assessor testified that since the Subject's assessment had not included a patio, nor factored in its excellent interior condition (based on her February 2020 inspection), it was under-assessed by ± $88,000 (± $70,000 for condition and ± $18,000 for the patio). Further, she testified, based on the unadjusted

---

[3] Plaintiffs adjusted the sale prices for location (10% of sale price if lot backed into woods; 5% of sale price if lot was adjacent to residences); lot size at $20,000 per acre; GLA differences at $60 per SF; bathroom count ($8,000 for full; $4,000 for half); basement finish at $15,000; fireplace (8,000 each); and existence of a pool ($20,000).

sale price of one comparable, 10 Ichabod Lane (lot size of 1.99 acres; GLA 4763 SF; sold 12/13/18 for $730,000), located in the same development and of the same model as the Subject (Eaton) but inferior to it as to size and condition, the assessment should be affirmed.

**FINDINGS**

The court finds that plaintiffs' choice of comparables was reasonable, all three being in the Township, of similar age as the Subject, and their sale dates close to the assessment date. Although Sale 1 was a relocation sale and marked with non-usable (NU) code 26, it can be used. See N.J.A.C. 18:12-1.1(b) (sales under category 26 "may be used" if investigation shows that the sale was "between a willing buyer . . .and a willing seller" with parties acting "knowledgeably and for their own self-interest"). Plaintiffs agree it was a relocation sale but verified that it was undertaken by a professional relocation company and marketed using a broker. They also attached a copy of the first page of the sale deed and confirmed with the buyer, a neurosurgeon, that the purchase was arms-length. The assessor's confirmation with the attorney that it was a relocation sale does not require a different conclusion. See Greenblatt v. City of Englewood, 26 N.J. Tax 41, 54 (Tax 2010) ("Simply saying that a sale was determined by the assessor to be non-useable for purposes of the . . . sales ratio study does not render the sale non-useable for valuation purposes.").

However, plaintiffs' adjustments to the comparables' sale prices are not credible because they were based on an appraisal report prepared for plaintiffs in July 2014 in anticipation of litigation.[4] Even if a real estate appraiser were to adopt and use another appraiser's qualitative

---

[4] The court ruled that the document, and the adjustment information reproduced in plaintiffs' informal "report," were inadmissible hearsay.

and quantitative adjustments as his/her own adjustments, they would be rejected and the opinion be deemed as a net opinion.

Plaintiffs argued that their adjustments were supported by the computer versions of the property record cards (PRC) reproduced on the County Board's website. However, these PRCs showed only factual information: property identification, owner information, assessment amount, measurements, physical characteristics, and amenities in the comparable. There were no adjustments (dollars or percentages) in this regard even as to the notated condition for only bathrooms and kitchen (modern, average, or old).

Plaintiffs note that the PRC provided to the court by the Township for the Subject support their lot size adjustment at $20,000 per acre. However, the PRC shows (under the "Land Calculations" portion), the value of one acre as $150,000, then the next one acre at $25,000, and the balance 0.17 acres at $3,000.[5] There was no proffer for how these values were arrived, and whether, why, and how the Township deemed any land in excess of an acre should be valued at quarter the value of an acre ($150,000 versus $25,000) and the like.

Similarly, their contention that another developer of homes (with who plaintiffs entered into, but cancelled, a contract for building a home) charged $20,000 more for lots which back into woods or residences was (1) hearsay; and (2) not reliable. It may very well be that lots which do not face public thoroughfare are more attractive to buyers. However, quantification for such adjustment should be based on reliable admissible evidence. Indeed here, the adjustments provided for this factor (at 10% and 5% of sale prices) for this factor far exceed the adjustments for differences in lot size at $20,000 per-acre, rendering them incredible.

---

[5] The PRC showed a 5% adjustment for the easement on each of the one-acre breakdown, thus, $142,500 and $23,750, which plus $510 for the 0.17 acres totaled $150,100, as the assessment's land allocation.

Plaintiffs also contended that their adjustments were supported by several opinions of this court which showed that the percentage or dollar allowances accepted in those cases were close, or similar, to what they used. Plaintiffs' diligence notwithstanding, court rulings on the reasonableness of an adjustment (type and quantum) are based on findings of credibility of the testifying real estate appraiser, which was absent here.

Moreover, plaintiffs did not independently inspect any of the comparables but relied fully on the PRCs for details. As noted above, other than the kitchen and baths, there are no condition observations of those documents. Without an inspection, it is difficult to agree with plaintiffs' conclusion that all comparables were in "good" condition as a Subject. Further, the PRCs are not always accurate as evidenced by the Subject's PRC which did not include the patio, whose condition was "estimated" as normal, the baths and kitchen as average, and which showed the bathroom count as 5 when per plaintiffs, the count should be 3.1.[6]

Finally, plaintiffs' contention that the Subject will suffer negative valuation due to the soon-to-be expanded road to the Subject's rear and the consequent expected increase in traffic volume and noise, defeating the purpose of an AR zone (peace and quiet), was not supported by any objective data. Therefore, the court cannot reduce the assessment for this factor. See F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 430 (1985) (the court can only find value based "on the evidence before it and the data that [is] properly at its disposal.").

Clearly there are some significant differences in physical characteristics between the Subject and the comparables that warrant adjustments. Absence of objective data forecloses the court from deciding the appropriate adjustment amount. "[W]ithout . . . adjustments [to the

---

[6] In this connection, the court agrees with the Township's assessor's opinion that the Subject's interior condition is more than just "good" since it was endorsed by photographs although plaintiffs did not upgrade/renovate the Subject since their purchase in 2014.

comparables' sale prices], the sales provide no meaningful indication of the value of the subject property." See American Cyanamid Co. v. Twp. of Wayne, 17 N.J. Tax 542, 581 (Tax 1998), aff'd, 19 N.J. Tax 46 (App. Div. 2000).[7]

In sum, the court finds that plaintiffs, who have the burden of proof, have not proven that the County Board's judgment, which is presumptively valid, should be reduced.

**CONCLUSION**

An Order affirming the County Board's judgment will accompany this opinion.

Very truly yours,

Mala Sundar, J.T.C.

---

[7] For this same reason, the assessor's reliance on the unadjusted sale price of her comparable, 10 Ichabod Lane, as a basis for affirming the assessment is not credible. Additionally, plaintiffs effectively rebutted her testimony as to the comparable's alleged poor condition with photographs of the comparable when it was advertised for sale.